No. 36,371

J. W. Allen et al., *Appellants,* v. Bert Hedges, George E. Gard and Brother Buis, as Members of the Board of Managers of The Kansas Soldiers' Home, *Appellees.*

(165 P. 2d 429)

Opinion filed January 26, 1946.

*E. C. Minner,* of Dodge City, was on the briefs for the appellants.

*C. H. Pugh,* of Wichita, argued the cause, and *A. B. Mitchell,* attorney general, and *Leon W. Lundblade,* assistant attorney general, were on the briefs for the appellees.

The opinion of the court was delivered by

Burch, J.: This appeal involves the validity of a certain rule, 84, passed by the members of the board of managers of the Kansas Soldiers' Home on the 29th or 30th of June, 1944. Thereafter twenty members of the institution, who were affected by the rule, served notice of appeal upon the members of the board of managers. The consolidated notice of appeal stated that the members named therein appealed to the district court of Ford county, Kansas, from the order of the board adopting rule 84. The district court overruled a motion to dismiss the appeal, thereafter denied the appeal upon the merits and overruled a motion for a new trial. From such last two orders the involved members of the home appealed to this court.

Rule 84, which caused the controversy, reads as follows:

"(1) On and after September 1, 1944, any member having no dependents and having an income in excess of $20 per month and any member having one dependent and an income in excess of $35 per month shall pay monthly by the 5th of each month to the Kansas Soldiers' Home (or to Mother Bickerdyke Annex) from such excess in amount not to exceed his or her actual annual maintenance cost, as determined by the official audit and records of the Kansas Soldiers' Home or Mother Bickerdyke Annex.

"(2) Each member having more than one dependent may be permitted to

retain from his income received $10.00 per month for each such dependent in addition to the amounts set forth in the preceding paragraph before he or she shall be required to pay to the Kansas Soldiers' Home (or Mother Bickerdyke Annex) any portion of the cost of himself and/or his dependents.

"(3) Provided further, that any income received by any member as remuneration for work done for the Kansas Soldiers' Home (or for Mother Bickerdyke Annex) shall be exempt to such member from the payment of maintenance costs as provided herein."

In passing Rule 84 the board of managers was acting in an administrative capacity. Such being true, the members of the Kansas Soldiers' Home had no right of appeal to the district court under the authority of the decision reached by this court in cases Nos. 36,353 to 36,358, inclusive, entitled *Abel O. Anderson et al., Appellees, v. Bert Hedges, Geo. E. Gard and Brother Buis as members of the Board of Managers of the Kansas Soldiers' Home, Appellants,* ante, p. 665, 165 P. 2d 425, for the reasons set forth in such decision.

In addition to the reasons set forth in *Anderson v. Hedges,* supra, it may be said that the legislature has indicated that the members of the institution do not have any right of appeal from orders of the board because of the passage of G. S. 1943 Supp., 76-1930, which reads as follows:

"If any member shall seek an injunction or restraining order to restrain the board of managers or the officers of such institutions from enforcing such rules and regulations or to restrain disciplinary action, during the pendency of such legal proceeding, such member and his dependents, if any, shall not be entitled to draw subsistence or rations as provided for by such institutions."

It will be noted that nothing is provided in such statute which deprives members or their dependents of subsistence or rations during the pendency of appeals to the district court from orders of the board. If such a right existed, frequent appeals would be as disturbing and annoying as applications for injunctions which evidently the statute seeks to discourage. While the statute may seem somewhat drastic and severe in view of our decision, nevertheless the right to injunctive relief, or the right to resort to the courts for other extraordinary remedies, has not been denied by its passage. We do not have the privilege of passing upon the advisability of the statute and we are not considering its validity. Its passage, however, and the failure to pass legislation permitting appeals strongly demonstrate that the legislature intended that the members had the right of injunctive relief and did not have available the right to appeal to the district court from any and all orders made by the

board. Because of the failure of jurisdiction other questions raised by the appeal do not require consideration.

As hereinbefore stated, the district court denied the appeal upon its merits. Such ruling is hereby set aside and the district court is directed to dismiss the appeal for want of jurisdiction.